

IN THE SUPERIOR COURT OF GUAM
TERRITORY OF GUAM

ROSARIO ALCANTARA, Individually and as Administratrix of the Estate of Isabel Cruz, AND JOSEPHA LOWMAN, Parties in Interest,

Plaintiffs,

vs.

RALPH LUJAN, aka Rafael L. Lujan, FUJI DEVELOPMENT CORP., MARINE CORPS DRIVE FRONTAGE DEVELOPMENT LLC, AND ANY UNKNOWN PERSONS OR ENTITIES THAT HAVE OR CLAIM ANY RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE REAL PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINITIFFS' OWNERSHIP OR ANY CLOUD ON PLAINTIFFS' TITLE,

Defendants.

CIVIL CASE NO. CV0484-05

**DECISION AND ORDER**

Defendants Marine Corps Drive Frontage Development LLC ("MDF") and Fuji Development Corporation ("FDC")(hereinafter collectively referred to as "Corp. Defendants") filed their Motion for Rule 50(b) Motion for Judgment as a Matter of Law or Alternatively Rule 59 Motion for New Trial or Rule 60(b)(1)&(3) Motion for Relief from Judgment ("Motion") on March 22, 2011. Defendant Ralph Lujan (hereinafter referred to as "Defendant Lujan") joined the Motion on March 24, 2011. This Motion came on for hearing before the HONORABLE ELIZABETH BARRETT-ANDERSON on September 15, 2011. Plaintiffs were represented by Attorney William L. Gavras. Corp. Defendants were represented by Attorney David W. Dooley. Defendant Lujan was represented by Attorney Peter F. Perez. The Court having considered all the briefs and arguments filed herein now renders the following decision.

## RELEVANT FACTUAL & PROCEDURAL HISTORY

This lawsuit was originally filed May 10, 2005. The Third Amended Complaint to Quiet Title to Lot No. 5049-2-R1 Tamuning, Formerly Dededo, Guam was filed on October 6, 2006 (hereinafter "Third Amended Complaint"). This lawsuit concerns title to Lot. No. 5049-2-

CV484-05

R1 in Tamuning (hereinafter "Lot"). On September 29, 2008, the Court held that the Plaintiffs' action affects only a one-third (1/3rd) undivided interest in the Lot. Furthermore, this lawsuit concerns a February 14, 1980 Deed of Gift, filed at the Department of Land Management, Government of Guam, as instrument no. 310063 (hereinafter "Deed of Gift"). The Lot and Deed of Gift were the subject of the fully adjudicated *Taitano v. Lujan*. 2005 Guam 26. The Deed of Gift has three (3) signatures, which were all notarized by a notary public, Ms. Talavera.

The Third Amended Complaint alleges two (2) Causes of Action. The First Cause of Action against all named Defendants is untitled and alleges Plaintiffs are entitled to unclouded fee simple ownership based on four (4) legal theories affecting the Deed of Gift. *See* Third Am. Compl. to Quiet Title to Real Property, ¶ V (Oct. 6, 2006). The Second Cause of Action against Defendant Lujan solely alleges fraud. The Court granted Defendant's Motion for Partial Summary Judgment on October 19, 2010; thus Plaintiffs could not argue three (3) of the four (4) legal theories challenging the validity of the Deed of Gift, under which Defendant Lujan and his successors in interest claim or claimed an interest in the Lot to the jury. A jury trial was held from October 27, 2010 to November 3, 2010. Plaintiffs presented evidence regarding whether or not: (1) Isabel Lujan Cruz actually signed the Deed of Gift and (2) Defendant Lujan acted with malice or oppression in causing the forgery of the signature of Isabel Lujan Cruz on the Deed of Gift. On November 1, 2010, from the bench the Court denied Defendants' Motion for a Directed Verdict. After being instructed on the law they must consider on November 3, 2010, the jury found that the Deed of Gift was obtained by virtue of a forgery; thus Plaintiffs own a one-third (1/3) undivided interest in the Lot and Corp. Defendants own a two-third (2/3) interest in the Lot. Further, the jury ordered Defendant Lujan to pay fifty thousand dollars ($50,000.00) in punitive damages to Plaintiff Rosario Alcantara, as the Administratrix for the Estate of Isabel Cruz. Judgment was filed on March 28, 2011.

## DISCUSSION

As there are different standards that apply to the alternative rationales Defendants requested the Court to consider, each of the grounds stated in the Motion will be addressed separately below.

## A. Motion for Rule 50(b) Motion for Judgment as a Matter of Law

To rule on this Motion the Court will

> review [the] jury's verdict to determine whether it is supported by substantial evidence or is against the clear weight of the evidence. *Park v. Mobil Oil Guam, Inc.*, 2004 Guam 20 ¶ 11 (citing *O'Mara v. Hechanova*, 2001 Guam 13 ¶ 6). "Substantial evidence is such relevant evidence which reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Id.* (quoting *O'Mara*, 2001 Guam 13 ¶ 6).

*Guam Top Builders, Inc. v. Tanota Partners*, 2011 Guam 30 ¶ 8.

Defendants argue that the Court should disregard the testimony[1] of Mr. Jessie Camacho, a handwriting analyst expert who testified for Plaintiffs, and Ms. Cecilia Cruz Owens (hereinafter referred to as "Ms. Cruz[2]"), whose testimony differed from the interrogatory responses Plaintiffs provided to Defendants. After substantial questioning, the Court deemed Mr. Camacho a handwriting expert based on his experience and work. The jury also heard conflicting expert testimony from Mr. Reed Hayes. The jury was instructed on the relevant law and factors for the jury to consider regarding expert witness testimony as well as conflicting expert testimony. While it is possible that reasonable minds might accept two (2) inconsistent conclusions from this conflicting testimony, Mr. Camacho's testimony, together with the other evidence, is adequate to support the jury's verdict. *O'Mara v. Hechanova*, 2001 Guam 13 ¶ 6. The Court presumes the jury found Mr. Camacho credible and the Court will not disregard his expert opinion when determining that the jury's verdict is supported by substantial evidence. *Id.* Further, for reasons discussed throughout this opinion, the Court will not disregard Ms. Cruz's testimony and find it also establishes that the jury's verdict is supported by substantial evidence. Additionally, the Court rejects Defendants' argument that they were not provided a fair trial and were subjected to trial by ambush. The jury heard Ms. Cruz's testimony, including the cross-examination by Defendants that described her changing her statements about relevant

---

[1] The Motion indicates that the deadlines for motions preclude the use of trial transcriptions, so the argument is "based on the recollection of trial counsel," however, the Reply Motion was filed four (4) months later and the Motion was argued nearly six (6) months later; hence, the argument could have been supported by trial transcripts. The Court reviewed the entire record when deciding the Motion.

[2] Throughout trial Cecilia Cruz Owens was referred to as Ms. Cruz, despite her change of name.

events in the health of Isabel Lujan Cruz. Since all counsels are officers of the court, the Court trusts Plaintiffs' counsel's representation that he provided Defendants' counsels notes regarding Ms. Cruz's inconsistent statements[3] at the earliest time possible. The Court allowed Defendants' counsels great latitude in the cross-examination of Ms. Cruz. The jury was properly instructed how to weigh conflicting testimony and prior statements made by a witness. Furthermore, the jury was instructed about the high standard for a third party who wants to challenge a notarized agreement; but the jury instructions, as requested by Defendants, clearly set out the burden of proof required by *Shorehaven Corp. v. Taitano.* 2001 Guam 16. Whether or not Plaintiffs provided clear and convincing evidence to challenge the notarization of the Deed of Gift is a question of fact for the jury. After deliberations during which they considered the jury instructions, the jury found that Plaintiffs met their burden of proving forgery by clear and convincing evidence. It's the Court's position that Ms. Cruz's testimony is substantial evidence that supports the jury's verdict.

Interestingly, *Shorehaven* cites to *In re Piazza*, which notes that "absent handwriting expert testimony or other compelling evidence [Plaintiffs] ha[ve]n't sustained his burden of proof." 181 B.R. 19, 22 (E.D.N.Y. 1995). But in this case there was handwriting expert testimony provided by Plaintiffs in addition to other compelling testimony provided by Ms. Cruz. This Court is not inclined to second guess the jury's verdict since it is supported by substantial evidence.

For reasons stated above, construing the evidence in the light most favorable to Plaintiffs, the admissible evidence supports the jury's conclusion. For all of the above mention reasons, the Court rejects the argument that the evidence construed in the light most favorable to Plaintiffs permits only the reasonable conclusion that is contrary to the jury's verdict. *O'Mara*, 2001 Guam 13. Further, after reviewing all of the admissible evidence and testimony, the Court determines that the jury verdict is supported by substantial evidence and is not against the clear

---

[3] Plaintiffs' opposition points out that in all statements Ms. Cruz consistently maintained that Isabel Lujan Cruz was unable to execute the documents because of her stroke.

weight of the evidence. Thus, the Court holds that the Guam Rule of Civil Procedure 50(b) Judgment as a Matter of Law is not proper.

**B. Rule 59 Motion for New Trial**

Defendants argue that they are entitled to a new trial based on erroneous admission of evidence, specifically the testimony of Ms. Cruz to which they objected to during trial. Guam R. Civ. P. 59, 50(b). The Court has already indicated that it respectfully disagrees with Defendants that there was erroneous admission of evidence during the trial. *See also* part C below. Based upon the whole record, including the testimony Defendants objected to, the Court is satisfied that there is sufficient evidence to support the verdict. Since the verdict is not contrary to the clear weight of the evidence and to permit it to stand does not constitute a miscarriage of justice, this Court denies the Motion on this ground.

**C. Rule 60(b)(1) & (3) Motion for Relief from Judgment**

Defendants' Rule 60(b)(1) and 60(b)(3) Motion for Relief from Judgment is based upon the admission of Ms. Cruz's testimony that different from the Plaintiffs' responses to Requests for Interrogatories. The circumstances Defendants argue about are the same or similar grounds described in *Townhouse v. Ahn III.* 2003 Guam 6. The main distinction is that in *Townhouse* there was an allegation of perjury, while here Defendants' claim that Ms. Cruz changed her statements and offers no proof of perjury. Specifically, the Court determines that Defendants' arguments are more aligned to the case cited in *Townhouse, Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 21 (1st Cir. 2002). *Karak* holds that the movant's failure to take advantage of the "panoply of pretrial discovery devices" that would have uncovered the alleged misstatements by witnesses supports a finding that the movant was not prevented from fully and fairly presenting his case. *Karak,* 288 F.3d at 21. *See also Townhouse,* 2003 Guam 6 ¶¶ 59-60.

It is evident to the Court that Defendants did not make any specific claims which would support relief under Rule 60(b)(1). The Supreme Court has said that a party's attempt to establish that a witness' testimony was incorrect does not qualify for relief from judgment on the basis of "accident or surprise" where the movant had ample opportunity to cross-examine the witness on the issue. *Townhouse,* 2003 Guam 6 ¶ 59.

To be entitled to relief under Rule 60(b)(3), "a showing which reveals a conflict of evidence is not enough to justify relief." *Id.* at ¶ 60. This Court finds that there is not clear and convincing evidence that the verdict was obtained by misrepresentation or other misconduct. *Id.* Furthermore, this Court finds no evidence that the Plaintiffs' conduct, to which Defendants complain about, prevented Defendants from the opportunity to "discover[]an important aspect of the case that would affect the relief requested." *Guam Bar Ethics Committee v. Maquera*, 2001 Guam 20 ¶ 35(citing *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987)). Additionally, like *Townhouse*, this Court found that Defendants choosing not to depose Ms. Cruz, and discovering the changed timeframe she testified to regarding Isabel Lujan Cruz, involves the type of evidence that could have been discovered prior to trial through the exercise of due diligence. *Townhouse,* 2003 Guam 6. Further, just as in *Townhouse*, Defendants had ample opportunity to cross-examine all of witnesses, including Ms. Cruz, and additionally had the opportunity to bring in rebuttal evidence if they thought it was necessary. *Id.* Thus, the Court determines that the complained of conduct did not prevent the losing parties from fully and fairly presenting their defenses. *Id.*

## CONCLUSION

For all of the reasons stated herein, the Court **DENIES** Defendants' Motion.

**SO ORDERED** this 9th of February, 2012.

_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

FEB 0 9 2012

_____
Deputy Clerk, Superior Court of Guam

CV484-05                                                                              Page 6 of 6